IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MONICA SCHULMANN,

Plaintiff,

vs.

ROBERT J. CONRAD, ERIC
KOMITEE, LAURA TAYLOR SWAIN,
PAMELA K. CHEN, TAMMI M.
HELLWIG, BRENDA K. SANNES,
JOHN M. DOMURAD, and BRENNA B.
MAHONEY,

Defendants.

Case No. 3:26-cv-00264-RRB

**ORDER OF DISMISSAL
UPON SCREENING**

Plaintiff has filed a *pro se* Complaint and an application to proceed without paying the filing fee, ostensibly seeking relief pursuant to 42 U.S.C. § 1983.[1] Federal law requires this Court to conduct an initial screening in order to determine whether the Complaint states a plausible federal claim for relief.[2] The Court has screened Plaintiff's case and finds that it is "frivolous or malicious," and "fails to state a claim on which relief may be granted," both of which are grounds for dismissal.[3]

---

[1] Dockets 1 and 2.

[2] 28 U.S.C. § 1915. *See also Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"); *Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[3] 28 U.S.C. § 1915(e)(2)(B).

A complaint may be found frivolous if it "merely repeats pending or previously litigated claims."[4]  The Complaint here resembles pleadings filed in dozens of federal courts across the country, including this Court.[5]  Moreover, the Complaint does not effectively invoke this Court's jurisdiction or venue, and therefore fails to state any claim upon which relief can be granted pursuant to Fed. R. Civ. P. 8(a).  All of the complaints were mailed from New York or New Jersey, and the envelopes reflect return addresses in other states.  None are from Alaska.

The Court finds that giving Plaintiff the opportunity to amend the Complaint would be futile.[6]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

In light of the foregoing, all pending motions are DENIED and this case is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to issue judgment and close the case.

IT IS SO ORDERED this 14th day of July, 2026, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[4] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

[5] Such pleadings generally contain only two or three sentences, alleging vague misdeeds by alleged defendants.  *See Clark v. Rosenthal, et al.*, Case No. 3:26-cv-00179; *Ventura v. Vella-Marrone, et al.*, Case No. 3:26-cv-00189; *Hartman v. Golden, et al.*, 3:26-cv-00207; *Anderson v. D'Auguste, et al.*, Case No. 3:26-cv-00231; *Ford v. Bichotte-Hermelyn, et al.*, Case No. 3:26-cv-00188; *Mendez v. Hill-Kearse, et al.*, Case No. 3:26-cv-00193; *Dowling v. Komiteei*, Case No. 3:26-cv-00197; *Adams v. Jimenez*, Case No. 4:26-cv-00008; and *Duffy v. Ally, et al.*, Case No.  3:26-cv-00222, all filed in the District of Alaska.

[6] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).